# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| GENINE FEASTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.: N22C-08-090 FWW |
| | ) | |
| DANIEL TYLER, and | ) | |
| CW TRANSPORT, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

Submitted: August 12, 2024
Decided: September 3, 2024

*Upon Plaintiff Genine Feaster's Motion for Summary Judgment on the Issue of Liability:*
**<u>DENIED</u>**

**<u>ORDER</u>**

Kenneth M. Roseman, Esquire, KENNETH ROSEMAN, P.A., 1300 N. King Street, P.O. Box 1126, Wilmington, DE 19899, Attorney for Plaintiff.

Wade A. Adams III, Esquire, LAW OFFICES OF WADE A. ADAMS III, Christiana Executive Campus, 111 Continental Drive, Suite 309, Newark, DE 19713, Attorney for Defendants.

**WHARTON, J.**

This 3rd day of September 2024, upon consideration of Plaintiff Genine Feaster's ("Feaster") Motion for Summary Judgment on the Issue of Liability,[1] the Response of Defendants Daniel Tyler ("Tyler") and CW Transport, LLC ("CW") (collectively, "Defendants"),[2] Feaster's Reply,[3] and the record, it appears to the Court that:

1.    An accident occurred between motor vehicles operated by Tyler and Feaster. The front of Tyler's vehicle allegedly struck the rear of Feaster's vehicle while it was stopped at a red light.[4] It is admitted that Tyler was an employee of CW and that the accident occurred on July 7, 2021.[5]

2.    Feaster filed her complaint on August 9, 2022, alleging that Tyler: (1) failed to maintain a proper lookout; (2) failed to maintain control over a motor vehicle; (3) operated a motor vehicle in a careless and inattentive manner; (4) followed a motor vehicle too closely; and (5) operated a motor vehicle at a high rate of speed.[6] Defendants answered the complaint on September 2, 2022, denying liability and asserting various affirmative defenses.[7]

---

[1] D.I. 34.
[2] D.I. 38.
[3] D.I. 39.
[4] Pl.'s Mot. for Summ J. at ¶ 1, D.I. 34.
[5] Defs.' Ans. ¶¶ 4-5, D.I. 4.
[6] Compl. at ¶ 6(a-e), D.I. 1.
[7] Defs.' Ans., D.I. 4.

3. Feaster moved for summary judgment on the issue of liability on July 17, 2024.[8] Defendants responded on August 6, 2024.[9] Feaster replied in support of her motion on August 12, 2024.[10]

4. In moving for summary judgment, Feaster contends that the following are undisputed facts: (1) Feaster's vehicle was stopped at a red light; (2) Tyler's vehicle was stopped to the rear of Feaster's vehicle; (3) while stopped to the rear of Feaster's vehicle, Tyler's foot eased off of the brake pedal; and (4) when Tyler's foot eased off of the brake pedal, Tyler's truck moved forward and struck the rear of Feaster's vehicle.[11] Feaster argues that Tyler failed to maintain control of his motor vehicle and that this failure caused his vehicle to strike Feaster's stopped vehicle.[12] Feaster writes: "[s]pecifically, by easing his foot off of the brake pedal when the Plaintiff's vehicle was still stopped in front of his vehicle, the Defendant could not stop or steer his vehicle safely by objects or other vehicles on the highway."[13] Citing Pattern Jury Instruction 6.2 and 21 *Del. C.* § 4176, Feaster argues that Tyler violated his common law and statutory duty to maintain control of the vehicle.[14] Ultimately, Feaster concludes that there is no genuine issue of material fact as to her assertion

---

[8] Pl.'s Mot. for Summ. J., D.I. 34.
[9] Defs.' Resp., D.I. 38.
[10] Feaster's Reply, D.I. 39.
[11] Pl.'s Mot. for Summ. J. at 3, D.I. 34.
[12] *Id.*
[13] *Id.*
[14] *Id.*

that Tyler's failure to maintain control of his vehicle caused the impact with Feaster's vehicle.[15] For that reason, she asks the Court to grant her summary judgment on the issue of liability.

5. Defendants contend that it is premature for the Court to determine negligence.[16] Defendants state that Tyler has not been deposed.[17] Further, Tyler has not yet fully explained the facts and circumstances regarding the easing of his foot off of the brake nor has he explained what that means in regard to the truck he was driving.[18] Defendants argue that the reasonableness of Tyler's actions is a question of fact for the jury to decide.[19] Specifically, the jury can decide whether a reasonable person in Tyler's position would anticipate the set of facts that led to his foot easing off of the brake and whether a reasonable person in a similar situation would have expected the vehicle to move.[20] Lastly, Defendants argue that the jury is entitled to hear the facts of the accident through Tyler's testimony and/or expert testimony to determine if the accident was the proximate cause of any injuries alleged by Feaster.[21]

---

[15] *Id*. at 4.
[16] *Id*. at ¶ 5.
[17] *Id.*
[18] *Id.*
[19] *Id.*
[20] *Id.*
[21] *Id.*

6. Feaster replies that Defendants failed to demonstrate the presence of any material facts to support a finding that Tyler was not negligent.[22] Specifically, Defendants did not submit an affidavit, nor identify any fact of record to support a finding that Tyler was not negligent.[23] Feaster states that "[a]bsent an affidavit or the demonstration of a record fact in support of his position, the Defendant failed to meet the shifted burden to show the presence of material issues of fact to be resolved by the ultimate factfinder."[24]

7. Superior Court Civil Rule 56(c) provides that summary judgment is appropriate if "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[25] The moving party initially bears the burden of demonstrating that the undisputed facts support its claims or defenses.[26] If the moving party meets its burden, the burden shifts to the non-moving party to show that there are material issues of fact to be resolved by the ultimate factfinder.[27] When considering a motion for summary judgment, the Court's function is to examine the record, including "the pleadings, depositions, answers to

---

[22] Pl.'s Reply at 2, D.I. 39.
[23] *Id.*
[24] *Id.*
[25] Super. Ct. Civ. R. 56(c); *Buckley v. State Farm Mut. Auto. Ins. Co.*, 139 A.3d 845, 847 (Del. Super. Ct. 2015), *aff'd*, 140 A.3d 431 (Del. 2016) (quoting *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979)).
[26] *Sizemore*, 405 A.2d at 681.
[27] *Brzoska v. Olson*, 668 A.2d 1355, 1364 (Del. 1995).

5

interrogatories, and admissions on file, together with the affidavits, if any," in the light most favorable to the non-moving party to determine whether genuine issues of material fact exist "but not to decide such issues."[28] Summary judgment will only be appropriate if the Court finds there is no genuine issue of material fact. When material facts are in dispute, or "it seems desirable to inquire more thoroughly into the facts, to clarify the application of the law to the circumstances," summary judgment will not be appropriate.[29] However, when the facts permit a reasonable person to draw but one inference, the question becomes one for decision as a matter of law.[30]

8.     The gravamen of Feaster's argument appears to be that there is no genuine dispute over whether Tyler failed to maintain control of his motor vehicle; and then, whether Tyler's failure to maintain control of his vehicle caused it to strike Feaster's stopped vehicle.  Feaster bases her argument on interrogatories answered by Tyler on October 28, 2022.[31]  The particular questions and answers that Feaster cites are as follows:

> Describe in proper sequence the movements and speed of
> your vehicle for the last three minutes immediately
> preceding the collision herein.

---

[28] Super. Ct. Civ. R. 56(c); *Merrill v. Crothall-Am., Inc.*, 606 A.2d 96, 99-100 (Del. 1992).
[29] *Ebersole v. Lowengrub*, 180 A.2d 467, 468-69, (Del. 1962) (citing *Knapp v. Kinsey*, 249 F.2d 797 (6th Cir. 1957)).
[30] *Wooten v. Kiger,* 226 A. 2d 238, 239 (Del. 1967).
[31] Pl.'s Mot. for Summ. J. at Ex. A, D.I. 34.

**ANSWER: Both parties were stopped at a red light, Answering Defendant's foot eased off of the brake pedal a little bit and the weight of the truck started to make the truck go forward, Answering Defendant immediately pressed on the brake to stop; the truck was in neutral.**[32]

…

What were the points of contact with your vehicle and the Plaintiff herein.

**ANSWER: Answering Defendants front bumper to Plaintiff's rear bumper.**[33]

Feaster also cites 21 *Del. C.* § 4176 and Pattern Jury Instruction 6.2 regarding Tyler's statutory and common law duty to maintain control of his vehicle.[34]

9.      This case is still in the discovery phase of litigation. The Court's Trial Scheduling Order does not require that discovery be completed until July 15, 2025, almost a year from now.[35] The parties have until August 21, 2025 to file dispositive motions.[36] Tyler points out that he has not yet given a deposition.[37] Considering the limited information given thus far in the interrogatory, Tyler adds that he has not yet fully explained the facts and circumstances regarding the easing of his foot off of the

---

[32] *Id*. at Ex. A, ¶ 19.
[33] *Id*. at Ex. A, ¶ 31.
[34] *Id*. at 3.
[35] Trial Scheduling Order, D.I. 36.
[36] *Id*.
[37] Defs.' Resp. at ¶ 5, D.I. 38.

brake nor has he explained what it means in regard to the truck that he was driving.[38] Thus, the Court finds that "it seems desirable to inquire more thoroughly into the facts, to clarify the application of the law to the circumstances."[39]  Summary judgment is not appropriate at this time.  Whether it will be later remains to be seen.

10.     Finally, Feaster's motion is captioned Motion for Summary Judgment on the Issue of Liability.[40]  Her Proposed Order simply asks the Court to grant her "Motion for Summary Judgment."[41]  Presumably, she wants the Court to foreclose the issue of liability from further litigation.  But, she asks for too much too soon. Liability includes not only responsibility for causing the accident here, but also responsibility for causing any injuries Feaster claims she sustained as a result of the accident.  Nothing in the motion addresses that latter issue.

**THEREFORE**, Plaintiff Genine Feaster's Motion for Summary Judgment on the Issue of Liability is **DENIED.**

**IT IS SO ORDERED**.

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.

---

[38] *Id*.
[39] *Ebersole*, 180 A.2d at 468-69.
[40] Pl.'s Mot. for Summ. J., D.I. 34.
[41] Pl.'s Proposed Order, D.I. 34.